UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-CR-06212-RAR

**UNITED STATES OF AMERICA,**

v.

**MICHAEL ROBERT LEE,**

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** comes before the Court upon Defendant Michael Robert Lee's Motion for Compassionate Release [ECF No. 84] ("Motion"), filed on January 19, 2021. Lee seeks a reduction of his sentence of imprisonment pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) and section 604 of the First Step Act of 2018 due to his medical conditions and the COVID-19 pandemic. Having considered the Motion, the Government's Response [ECF No. 88], and the parties' submissions, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Lee's Motion for Compassionate Release [ECF No. 84] is **DENIED** as set forth herein.

**BACKGROUND**

On February 17, 1999, Lee was convicted by a jury under a three-count indictment for possession of cocaine with intent to distribute, in violation of 21 U.S.C. section 841(a); carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. section 924(c); and being a felon in illegal possession of a firearm, in violation of 18 U.S.C. section 922(g). *See* Jury Verdict [ECF No. 31]; Indictment [ECF No. 1]. On April 30, 1999, Lee was sentenced to 360 months of incarceration and six years of supervised release. *See* Judgment [ECF No. 39] at 2-3. He received 300 months of imprisonment as to Count One and 180 months as to Count Three—both to be

served concurrently. *See id.* at 2. His 300-month sentence was based in part on his status as a career offender. *See* Resp. at 1. He was sentenced to 60 months as to Count Two to be served consecutively to Counts One and Three. *See* Judgment at 2.

On July 14, 2020, Lee filed a Motion for Compassionate Release, seeking home confinement due to his Crohn's disease, which Lee alleged acutely predisposed him to risk of illness if he contracted the COVID-19 virus. *See* Mot. for Modification of Sentence [ECF No. 80]. On July 24, 2020, this Court denied Lee's Motion, without prejudice, because Lee failed to allege that he exhausted administrative remedies. *See* Order Denying Mot. [ECF No. 83].

On January 19, 2021, Lee filed the instant Motion, seeking compassionate release under section 3582 based on his medical conditions, the COVID-19 pandemic, and some additional legal issues. *See* Mot. at 2-5. Lee contends that the following justifications support his request for compassionate release: "the First Step Act, COVID-19 National Pandemic, declining medical condition, sentencing disparity and by exhaustion of administrative right constitutionally extraordinary and compelling reasons justifying release." *Id.* at 5. Specifically, Lee alleges that his Crohn's disease lowers his ability to fight infection, leaving him more vulnerable to contract COVID-19 in prison. *Id.* at 3. Additionally, since 2007, Lee has suffered "intestinal deterioration" and "severe and adverse abdominal inflammation ultimately resulting in upper respiratory and sinus infections." *Id.* To treat his medical condition, Lee takes injections of Humira bimonthly. *Id.* at 4. Lee also asserts that the Federal Correctional Institution - Phoenix where he is currently housed has staff "diagnosed with (COVID-19)", a lack of testing, and intensifying cases of COVID-19. *Id.* According to Lee, his medical condition and prison environment "single handedly provid[e] evidence for extraordinary and compelling circumstances." *Id.* at 3.

Further, Lee asserts that his compassionate release would not present a danger to the safety of any person or the community. *Id.* at 2. And Lee argues that he is entitled to an equitable

exception to the Prison Litigation Reform Act's (PLRA) exhaustion requirement because "[h]e could not pursue the administrative grievance process any futher (sic), not through his own fault by the region effectively unavailable." *Id.* at 2. He alleges that because "he did not deliberately by pass (sic) the administrative scheme," he should be entitled to an equitable exception. *Id.* Lee's projected release date is June 18, 2025. *See* Resp. at 6.

## **LEGAL STANDARD**

"A district court may modify a sentence only if the modification is authorized by a statute or a rule." *United States v. Monaco*, 832 F. App'x 626, 628 (11th Cir. 2020) (citing *United States v. Puentes*, 803 F. 3d 597, 605-06 (11th Cir. 2015)). As amended by the First Step Act, section 3582(c)(1)(A) grants district courts the authority to reduce an imposed term of imprisonment upon motion by the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant if certain requirements are met. A defendant may move for a reduction of his or her sentence under section 3582(c)(1)(A) only after fully exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(a)(1)(A).

The statute permits a court to reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission policy statement applicable to motions for compassionate release filed by the BOP is found in U.S.S.G. § 1B1.13. Section 1B1.13's extraordinary and compelling reasons for compassionate release include: (A) a medical condition where the prisoner is suffering from (i) a terminal illness, or (ii) deteriorating health related to aging that substantially diminishes the ability of the prisoner to provide self-care within the prison; (B) the serious deterioration in physical or

mental health of a prisoner who is at least 65 years old and has served a certain portion of his term of imprisonment; (C) the death or incapacitation of the caregiver of the prisoner's minor child; and (D) other reasons as determined by the Director of the BOP. U.S.S.G. § 1B1.1, comment. (n.1). Further, U.S.S.G. § 1B1.13 requires a finding that the defendant is not a danger to the safety of any other person or to the community.

Although the Eleventh Circuit has not yet "held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves," it has held that it is not an abuse of discretion for the district court to consider that policy statement when deciding such motions. *United States v. Granda*, No. 20-13014, 2021 WL 1246252, at *2 (11th Cir. Apr. 5, 2021). Like several other courts in this district and in other jurisdictions, this Court therefore treats section 1B1.13 as useful but non-binding guidance for addressing motions for compassionate release brought by prisoners. *See United States v. Itah*, No. 19-CR-60274, 2021 WL 1126174, at *4 (S.D. Fla. Mar. 24, 2021); *United States v. Poulnott*, No. 189CR00001ATALC1, 2020 WL 7974295, at *3 (N.D. Ga. Dec. 30, 2020); *United States v. Conrad*, No. 05-CR-931-1, 2021 WL 1379496, n.3 (N.D. Ill. Apr. 12, 2021); *United States v. Millette*, No. 16-CR-00004, 2020 WL 7502454, at *6 (D. Me. Dec. 21, 2020).

Even when the Court finds that extraordinary and compelling circumstances warrant a sentence reduction, it must still consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). A court may deny a defendant's motion if the court determines that the section 3553(a) factors override what would otherwise be "extraordinary and compelling reasons" for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

### I. *Defendant has exhausted his administrative remedies.*

As set forth in section 3582(c)(1)(A), a court "may not modify a term of imprisonment" until the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  The BOP has an administrative remedy procedure that allows an inmate to seek review of a grievance related to any aspect of his imprisonment.  28 C.F.R. § 542.10 *et seq*.  The Eleventh Circuit has summarized that procedure as follows:

> The Administrative Remedy Program requires a prisoner to first file a grievance (a BP-9) with the warden of the prison within 20 calendar days from the date on which the basis of the incident occurred.  If the inmate is dissatisfied with the warden's response, he may then appeal (a BP-10) to the Regional Director within 20 calendar days from the date of that response.  Finally, if the inmate is dissatisfied with the Regional Director's response, he may appeal (a BP -11) to the General Counsel within 30 days of that response.

*Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (quotation marks omitted) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)).  The General Counsel has 40 days from receipt of the appeal to respond, but that period can be extended by 20 additional days upon written notice to the inmate.  *Herring v. Joseph*, No. 20-00249, 2020 WL 3642706, at *1, n.2 (N.D. Fla. July 6, 2020) (citing 28 C.F.R. § 542.18).

Here, Lee's Motion includes his BP-9 form (Request for Administrative Remedy) and his BP-11 form (Central Office Administrative Remedy Appeal) as exhibits.  *See* Mot. at 12, 14.  Although Lee does not attach his BP-10 form (Regional Administrative Remedy Appeal), his BP-11 form alleges that he did not receive a response to his BP-10 form in over 53 days and he

therefore proceeded with the Central Office Administrative Remedy Appeal. *Id.* at 14.  Lee also attaches the Warden's denial of his request for an administrative remedy. *Id.* at 15.  In its Response, the Government does not challenge Lee's exhaustion of administrative remedies—its only assertion relating to the administrative process is that "[p]er a Senior Attorney with the Federal Bureau of Prisons (BOP) Consolidated Legal Center, Defendant submitted a request for a reduction in sentence which was denied on September 24, 2020."  Resp. at 7.  Because the appeal to the General Counsel is the final step in the administrative process, *see* 28 C.F.R. § 542.15, and Defendant filed a BP-11 form dated December 3, 2020, the Court finds that Defendant has demonstrated exhaustion of his administrative remedies.

## II. *Defendant has failed to present extraordinary and compelling reasons for release.*

Although Lee has exhausted his administrative remedies, the Court concludes that he fails to present extraordinary and compelling reasons to warrant compassionate release.  As discussed above, although the policy statements in section 1B1.13 do not constrain the Court, they provide useful guidance for assessing whether Defendant presents extraordinary and compelling circumstances.  Here, a reduction in Lee's sentence is not warranted under the circumstances identified as extraordinary and compelling in section 1B1.13, which are: (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP.  U.S.S.G. § 1B1.13, cmt. n.1.

Lee is not suffering from a terminal illness, and he is not yet 65 years old.  Additionally, Lee does not argue that any family circumstances might warrant a reduction of his sentence. Accordingly, subsections A, B, and C of the notes to section 1B1.13 do not apply.  Instead, Lee argues that he is eligible for compassionate release due to his Crohn's disease, which purportedly lowers his ability to fight infection and leaves him more vulnerable to contract COVID-19.  *See*

Mot. at 3. But after reviewing Lee's Motion and the BOP Health Services Report attached to the Motion, *see* Mot. at 16-18, the Court is not convinced that Lee's medical condition rises to the level of extraordinary and compelling. According to the Health Services Report, Lee's Crohn's disease does not definitively put him at an increased risk for severe illness from COVID-19. *See id.* at 17. This conclusion is consistent with the Center for Disease Control's (CDC) current guidelines, which omit Crohn's disease from the list of diseases that likely increase the risk of developing severe illness from COVID-19. CDC, Coronavirus Disease 2019 (COVID-19): *People with Certain Medical Conditions* (last visited Apr. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Moreover, this Court and district courts across the country have consistently reached the conclusion that Crohn's disease does not warrant compassionate release. *See United States v. Garvin*, No. 19-CR-60377, 2020 WL 7059354, at *1 (S.D. Fla. Dec. 2, 2020) (determining that Crohn's disease, severe acid reflux, anxiety, and severe allergies "are well-managed chronic conditions that do not constitute grounds for compassionate release due to the COVID-19 pandemic"); *United States v. McCoy*, No. 15-20074, 2020 WL 4676386, at *4 (E.D. Mich. Aug. 12, 2020), aff'd, No. 20-1871, 2021 WL 867137 (finding that Crohn's disease, hypertension, kidney disease, and 51-year-old age failed to qualify as extraordinary and compelling reasons to warrant a sentencing reduction); *United States v. Rogers*, No. 16-cr-00072, 2020 WL 5440352, at *5, n.5 (E.D. Cal. Sep. 10, 2020) (denying motion for compassionate release from inmate with Crohn's disease and noting "[w]hile it is true that what we know about COVID-19 is changing daily, the [CDC] regularly updates its guidelines, yet it has not identified Crohn's disease or gastrointestinal issues generally as placing individuals at higher risk due to COVID-19." (internal quotations and citations omitted)). Similarly, having considered the CDC guidelines and the

evidence advanced by Lee, this Court concludes that Lee's Crohn's disease does not warrant compassionate release.

Lee also argues that his use of Humira medication lowers his ability to fight infections and establishes an extraordinary and compelling reason for compassionate release. Humira "is a TNF blocker medicine that can lower the ability of [an individual's] immune system to fight infections." Important Safety Information About Humira (Adalimumab), https://www.humira.com/global/frequently-asked-questions (last visited April 15, 2021). The Health Services Report affirms that Lee's use of Humira may suppress his immune system, which "might" put him at an increased risk for severe illness from COVID-19. *See* Mot. 17. The CDC has advised that persons using immunocompromising medicines *might* be at an increased risk of severe COVID-19-related illnesses. CDC, *People with Certain Medical Conditions*, www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 15, 2021). However, this Court finds that the use of Humira alone does not establish an extraordinary and compelling reason warranting compassionate release.

The overwhelming majority of district courts across the country have determined that the use of Humira medication by an inmate does not warrant a finding of an extraordinary and compelling reason for compassionate release. *See United States v. McKean*, No. 17-CR-5043, 2020 WL 7625242, at *3 (W.D. Wash. Dec. 22, 2020) (determining that an inmate's demonstrated Crohn's disease and use of Humira "failed to meet his burden to establish an extraordinary and compelling reason warranting release" despite Humira's potential side effect of lowering the inmate's ability to fight infections); *United States v. Reed*, No. 18-CR-00310, 2020 WL 5994107, at *2 (D. Ariz. Oct. 9, 2020) (determining that compassionate release was improper despite the inmate's use of Humira Lisinopril, insulin injections, Methotrexate and Astrovastatin, as well as the inmate's medical conditions including diabetes, Rheumatoid Arthritis, body mass index of over

40, and hypertension); *United States v. Frazier*, No. 17-CR-30202, 2020 WL 4003377, at *2 (S.D. Ill. July 15, 2020) (finding that the inmate failed to meet the burden of "extraordinary and compelling reasons" for compassionate release despite his use of Humira and his obesity); *United States v. Haywood*, No. 16-CR-00296, 2020 WL 3621309, at *1 (D. Nev. July 2, 2020) (holding that a 46-year-old inmate taking Humira to treat "severe psoriasis and rheumatoid arthritis" failed to establish "extraordinary and compelling reasons" for compassionate release).

The Court has only located one case finding that Humira use supported an inmate's compassionate release—and in that case, the district court placed a much heavier emphasis on the fact that the inmate was obese and a former smoker, rather than emphasizing his Humira consumption. *See United States v. Gamez*, No. CR 16-207, 2021 WL 779206, at *5 (E.D. La. Mar. 1, 2021). Before definitively finding "extraordinary and compelling" circumstances, the *Gamez* court highlighted that "[t]he CDC has stated that people with obesity are at an increased risk of severe illness from COVID-19" and that "[t]he CDC has recognized that being a current or former cigarette smoker increases an individual's risk of severe illness from COVID-19." *Id.* Obesity and former smoker status proved far more influential than the inmate's use of Humira in the *Gamez* court's conclusion. And unlike the inmate in *Gamez,* Lee does not contend that he is obese or a former smoker. Further, Lee does not suffer from any other conditions that definitively increase his risk of severe illness from COVID-19. Accordingly, in line with the overwhelming majority of district courts nationwide, this Court determines that Lee's use of Humira does not establish an extraordinary and compelling reason warranting compassionate release.

As a separate basis to support "extraordinary and compelling circumstances," Lee also contends that his sentence is unusually long by today's standards. *See* Mot. at 4. However, he does not point to any specific changes that would have affected his guideline calculation. Instead, in support of this argument, Lee cites generally to *United States v. Booker*, where the Supreme

Court held that the mandatory Sentencing Guidelines system violated the Sixth Amendment. 543 U.S. 220, 264-65 (2005). Lee also relies on a Rhode Island district court case, *United States v. Vigneau*, where the court found the defendant was "serving an unusually long . . . 30-year sentence for a non-violent, no-gun, marijuana offense," and as such, granted compassionate release. 473 F. Supp. 3d 31, 36 (D.R.I. 2020). Finally, Lee cites *Johnson v. United States*, which found that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 576 U.S. 591, 606 (2015).

As an initial matter, the Court finds that Lee's reliance on *Johnson* is unavailing. Lee's conviction under Count Two for a violation of 18 U.S.C. section 924(c) carried a minimum five-year sentence at the time of Lee's conviction—and still currently requires "a term of imprisonment of not less than 5 years" added to the underlying sentence. *See* Indictment [ECF No. 1]. Lee contends that the invalidation of the residual clause (section 924(c)(3)(B)) in *Johnson* should eliminate his mandatory five-year sentence. *See* Mot. at 4. However, this change does not affect Lee's sentence because Lee's criminal actions involved drug trafficking crimes, which do not fall under the residual clause. *See* § 924(c)(1)(A)(i).

This case also presents materially different circumstances than in *Vigneau*. In that case, the court concluded that "if it sentenced [the defendant] today, it would not have given him a sentence of thirty years for a crime involving selling and distributing marijuana" due to the "changing legal landscape [of marijuana]" since the defendant's original sentencing in 1998. *Vigneau*, 473 F. Supp. 3d at 38. The *Vigneau* court determined that "[t]he disparity between then and now is a factor in finding extraordinary and compelling reasons to grant [the defendant] relief." *Id.* Whereas *Vigneau* dealt with a "30-year sentence for a non-violent, no-gun, marijuana offense," this case involves convictions for the possession of cocaine with intent to distribute, carrying a firearm in relation to a drug trafficking crime, and being a felon in illegal possession of a firearm.

*See* Jury Verdict [ECF No. 31]; Indictment [ECF No. 1]. Unlike in *Vigneau*, where a "changing legal landscape" and dearth of related convictions resulted in a reduced sentence, this case involves criminal offenses that have been steadfastly punished since Lee's original date of conviction.

Further, Lee's sentence for his conviction under 18 U.S.C. section 922(g)(1) was calculated under U.S.S.G. section 2K2.1, which both at the time of his sentencing and today provides for a base level offense of 24, as well as a four-level increase for Lee's use of a firearm in connection with a felony. *See* Presentence Investigation Report [ECF No. 86] ("PSI") at 5; U.S.S.G. § 2K2.1. As a career offender, Lee's offense level was also increased to 34 under U.S.S.G. section 4B1.1 based on two controlled substance offenses and a conviction for aggravated assault with a deadly weapon. *See* PSI at 6. Lee received 300 months of imprisonment as to Count One and 180 months as to Count Three—both to be served concurrently. Lee has not shown that this sentence warrants a finding of extraordinary and compelling circumstances based on modern sentencing standards. *See, e.g., United States v. Miller*, No. 20-11558, 2021 WL 733294, at *3 (11th Cir. Feb. 25, 2021) ("A defendant sentenced as an armed career criminal under 18 U.S.C. § 924(e) is subject to a minimum of 15 years' imprisonment and a maximum of life imprisonment.") (citing 18 U.S.C. §§ 922(g)(1), 924(e)(1)).

Finally, "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (alterations added); *see also Monaco*, 832 F. App'x at 626 (explaining that if there are "'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors."). Indeed, section 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A) (alteration added). These factors include,

among others, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; and (5) protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

Here, the Court finds that the section 3553(a) factors disfavor a sentence reduction. Lee is a career offender with a lengthy criminal history, including violent offenses, drug offenses, and firearm possession. *See* PSI at 6-9. The sentence he received was adequately designed to deter continued criminal conduct. Moreover, as highlighted by the Government, "Defendant's BOP disciplinary history (Attachment D) reflects numerous infractions during his incarceration" and "[b]etween April 1999 and November 2016, Defendant was sanctioned twenty-five times for offenses including refusing to obey orders, falsifying a statement, possessing a dangerous weapon, fighting, assault, and threatening bodily harm." Resp. 10. Although he has served a substantial portion of his sentence, Lee's continued involvement in illicit activity reflects the unsuitability of granting him early release. Lee's projected release date is June 18, 2025, and early release—four years prior to his release date—would fail to promote respect for the law, fail to reflect the seriousness of Lee's crimes, and fail to deter his continued criminal conduct. Lee has not provided any concrete information to persuade the Court that he no longer poses a danger to the community and that the section 3553(a) factors weigh in favor of his release. In fact, his recurring criminal actions show that he does pose a danger to the community.

Thus, upon this record, the Court concludes that early release would be improper. *See United States v. Bell*, No. 18-CR-60115, 2021 WL 917675, at *6 (S.D. Fla. Mar. 10, 2021) (determining that § 3553(a) factors did not support a reduction in sentence when the inmate had a criminal history and two disciplinary incidents while in custody); *United States v. Wooden*, No.

17-CR-20045, 2021 WL 796495, at *3 (S.D. Fla. Mar. 2, 2021) (determining that an inmate was still a "danger to the community" because he had a criminal history and was sanctioned twice for illicit activity while incarcerated); *United States v. Hernandez*, No. 14-CR-20624, 2021 WL 736411, at *2 (S.D. Fla. Feb. 24, 2021) (determining that § 3553(a) factors did not support a reduction in sentence when the inmate had prior felony convictions including multiple drug and firearm offenses, and continued to commit criminal offenses while on supervised release); *United States v. Williams*, No. 19-CR-33, 2021 WL 1238410, at *2 (M.D. Fla. Apr. 2, 2021) (determining that § 3553(a) factors did not support a reduction in sentence when the inmate was imprisoned for possession with intent to distribute cocaine and possession of a firearm by a convicted felon, along with prior criminal convictions).

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release [ECF No. 84] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of April, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**